1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PEDRO A. RAMIREZ,

11              Petitioner,              No.  2:12-cv-02671 KJN P

12        vs.

13   BURNO STOLC,

14              Respondent.              <u>ORDER</u>

15   _____/

16        Petitioner is a California state prisoner incarcerated in Arizona, who proceeds

17   without counsel.  Petitioner has filed an application for a writ of habeas corpus pursuant to 28

18   U.S.C. § 2254, and paid the filing fee.

19        Together with his petition and filing fee, petitioner has filed a motion for leave to

20   stay the instant action pending petitioner's exhaustion in the state courts of two claims.

21   Petitioner concedes that he has filed a "mixed" petition, containing both exhausted and

22   unexhausted claims.  Petitioner avers that his Claim Three -- that the victim restitution award

23   violated petitioner's plea agreement -- was exhausted in the state courts.  Although petitioner

24   does not provide the date of the California Supreme Court's decision, this court's review of state

25   court records indicates that the California Supreme Court denied review on August 8, 2012,

26   pursuant to petitioner's direct appeal of his challenged plea bargain.  Petitioner avers that his

                                    1

Claims One and Two are now pending in a petition for writ of habeas corpus filed in the Yolo County Superior Court, and could not previously have been raised by his counsel in the direct appeal, because these claims challenge the underlying validity of petitioner's plea agreement, and the effectiveness of petitioner's trial counsel.

Under Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to grant a stay and abeyance of a mixed petition if:  (1) "the petitioner had good cause for his failure to exhaust;" (2) "his unexhausted claims are potentially meritorious;" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Rhines, 544 U.S. at 278.  A "stay and abeyance should be available only in limited circumstances."  Id. at 277.  Even if a petitioner shows good cause, the district court should not grant a stay if the unexhausted claims are plainly meritless.  Id.  Additionally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims.  Id. at 277-78.

The court finds that petitioner has satisfied the Rhines criteria.  Petitioner has demonstrated good cause for his failure to timely exhaust the unexhausted claims, which appear to be potentially meritorious.  Moreover, it appears that petitioner is diligently pursuing exhaustion of these claims, filing his petition for writ of habeas corpus in the Yolo County Superior Court on September 26, 2012 (see Dkt. No. 1 at 20), within a reasonable period of time following the California Supreme Court's August 8, 2012 denial of petitioner's direct appeal.

Accordingly, for good cause shown, IT IS HEREBY ORDERED that:

1.  Petitioner's October 29, 2012 motion to "stay and abey" this action (Dkt. No. 2), is granted.

2.  This action is stayed pending exhaustion of state court remedies as to petitioner's Claims One and Two, as currently set forth in his federal petition for writ of habeas corpus, and now pending in the Yolo County Superior Court (Case No. HC-CR-12-39).

////

3.  Petitioner is directed to file in this court, within thirty days after the California Supreme Court issues a final order resolving petitioner's Claims One and Two, a motion requesting that the stay be lifted, and leave be granted to file an amended petition for writ of habeas corpus; petitioner shall include a proposed Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

4.  The Clerk of the Court is directed to administratively close this case until further order of this court.

SO ORDERED.

DATED:  October 31, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

rami2671.stay.abey.wpd