IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PEDRO A. RAMIREZ, | ) | 2:12-cv-02671-KJM-BMK |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND |
| vs. | ) | RECOMMENDATIONS TO DENY |
| | ) | PETITION FOR WRIT OF HABEAS |
| BURNO STOLC, | ) | CORPUS |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATIONS TO DENY
PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Pedro A. Ramirez's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. After careful consideration of the Petition and the supporting and opposing memoranda, the Court finds and recommends that the Petition be DENIED.

FACTUAL BACKGROUND[1]

On November 28, 2010, Petitioner took a taxi with his wife and friends to West Sacramento after drinking at a night club. When they arrived at the destination, Petitioner and the driver got into a dispute over the fare. Petitioner got

---

[1] These facts are taken from the California Court of Appeal's opinion on direct appeal. (Ex. A, attached to Answer.) Pursuant to 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct." Petitioner bears the burden of rebutting this presumption by clear and convincing evidence, but he does not challenge the facts recounted by the California Court of Appeal. See id.

out of the taxi, opened the driver's door, and started punching the driver in the head while making racial slurs. Petitioner began to choke the driver and threatened to kill him. The driver lost consciousness and suffered numerous continuing injuries.

After being charged with various offenses including attempted murder, Petitioner signed a plea form and entered an oral no contest plea to assault by means of force likely to produce great bodily injury. Petitioner admitted the hate crime and great bodily injury enhancements, with a stipulated 13-year term. The remaining counts were dismissed. Victim restitution was not mentioned in the plea form or during the plea colloquy.

Petitioner's plea was entered on March 7, 2011. The March 28, 2011, probation report recommended he pay victim restitution in an amount to be determined. At sentencing, the prosecutor asked the trial court to order the victim restitution recommended in the probation report. The trial court subsequently ordered $66,139.91 in victim restitution. Petitioner never objected to the victim restitution and never moved for a hearing to contest the award.

PROCEDURAL BACKGROUND

Petitioner filed a direct appeal to the California Court of Appeal, which affirmed the Yolo County Superior Court's judgment in an unpublished opinion. (Cal. Ct. App. Opinion, attached to Answer.) The California Supreme Court

summarily declined direct review.   Petitioner's state habeas petitions were denied by the Yolo County Superior Court, the California Court of Appeal, and the California Supreme Court.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a "highly deferential standard for evaluating state-court rulings. Woodford v. Visciotti, 537 U.S. 19, 24 (2002).   Under AEDPA, "we must defer to the state court's resolution of federal claims unless its determination 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Delgadillo v. Woodford, 527 F.3d 919, 924-25 (9th Cir. 2008) (quoting 28 U.S.C. § 2254(d)(1)).   "The relevant state court determination for purposes of AEDPA review is the last reasoned state court decision."   Id.

I.   Petitioner's Claim Regarding Victim Restitution is Procedurally Barred (Ground 1).

In Ground 1 of his Petition, Petitioner argues that the trial court's order of victim restitution violated his plea agreement in violation of his federal due process rights.   (Petition at 4; Ex. A, attached to Petition at 4.)   He contends that he must be afforded the opportunity to withdraw his plea.   (Petition at 4.)   As discussed below, the Court finds the California Court of Appeal imposed an

3

adequate and independent state procedural bar with respect to this claim when it applied California's contemporaneous objection rule to preclude appellate review. Consequently, the Court finds that federal habeas review of this claim is barred.

Under the procedural bar doctrine, "federal courts will not review a question of federal law previously decided by a state court if the state court's decision rests on a state law ground that is independent of federal law and adequate to support judgment." Xiong v. Felker, 681 F.3d 1067, 1075 (9th Cir. 2012) (citing Coleman v. Thompson, 501 U.S. 722, 729 (1991)). A state procedural rule is "independent" unless it appears "to rest primarily on federal law or appears to be interwoven with federal law." Id. (citing Coleman, 501 U.S. at 734). The rule is "adequate" if it is "'firmly established and regularly followed' by the time as of which it is to be applied." Id. (citing Ford v. Georgia, 498 U.S. 411, 424 (1991)). A petitioner may avoid application of this procedural bar doctrine only "if he can establish cause and prejudice, or that failure to consider the claim will result in a fundamental miscarriage of justice." Id. (citing Coleman, 501 U.S. at 750).

On direct appeal to the California Court of Appeal, Petitioner challenged the trial court's imposition of victim restitution. (Cal. Ct. App. Opinion at 1, attached to Answer.) In affirming the award of restitution, the court noted that Petitioner "never objected to the victim restitution and never moved for a hearing to

4

contest the award." (Id. at 3.) The court applied California's contemporaneous objection rule, holding: "Since defendant did not object, his contention is forfeited." (Id. at 5.)

The Court finds that the Court of Appeal's application of the state's contemporaneous objection rule is an independent and adequate state procedural rule. Xiong, 681 F.3d at 1075. It is "independent" because it does not rest on federal law and is not interwoven with federal law, and it is "adequate" because it was firmly established and regularly followed by the time the California Court of Appeal applied it to Petitioner's case. See id. (applying California's contemporaneous objection rule and concluding that it is an independent and adequate procedural bar to federal habeas review); Fairbank v. Ayers, 650 F.3d 1243, 1256 (9th Cir. 2011) (noting "California consistently applies its contemporaneous objection rule when a party fails to object" and concluding that the rule is "an independent and adequate state procedural rule that bars federal review of Fairbank's prosecutorial misconduct claim").

Having found that the Court of Appeal applied an independent and adequate state procedural rule, federal habeas review of this claim is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims

will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. "Cause" requires Petitioner to "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 479 (1986). To show "prejudice," Petitioner must establish "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." U. S. v. Frady, 456 U.S. 152, 170 (1982). The "miscarriage of justice" exception only applies where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995). Petitioner does not address these issues and therefore fails to establish cause, prejudice, or miscarriage of justice. Accordingly, the Court finds that the California Court of Appeal's application of the contemporaneous objection rule is an independent and adequate state procedural rule that bars federal review of Petitioner's victim restitution claim. See Fairbank, 650 F.3d at 1257.

II. Petitioner's Claim That His Plea Was Invalid is Procedurally Barred (Ground 2).

Petitioner claims that his rights under the Sixth and Fourteenth Amendments were violated due to an invalid plea deal. (Petition at 4.) Specifically, Petitioner argues that the trial court's "failure to orally take the

admission" rendered his plea agreement invalid. (Id.) Petitioner raised this claim to the California Supreme Court in his state habeas petition. In denying the petition, the court cited to In re Dixon, 264 P.2d 513 (Cal. 1953), which suggests that it rejected Petitioner's claim because it was not raised on direct appeal. Dixon, 264 P.2d at 514 ("The general rule is that habeas corpus cannot serve as a substitute for an appeal, and, in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction."). This is known as the Dixon bar to habeas review.

Application of the Dixon bar by a California court is recognized as an independent and adequate state procedural bar that precludes federal habeas review. Cantrell v. Evans, No. 2:07-cv-1440 MMM, 2010 WL 1170063, at *14 (March 24, 2010) (the Dixon bar "is an adequate and independent state law reason for refusing to reach the merits of petitioner's claim"); Protsman v. Plier, 318 F. Supp. 2d 1004, 1007-08 (S.D. Cal. 2004) (concluding that a claim is procedurally barred where the last reasoned opinion cited to Dixon). Application of this procedural rule bars federal review unless Petitioner "can establish cause and prejudice, or that failure to consider the claim will result in a fundamental miscarriage of justice." Xiong, 681 F.3d at 1075. Petitioner does not address these issues and therefore fails to

7

establish cause, prejudice, or miscarriage of justice.   Accordingly, the Court finds that the California Supreme Court's application of the Dixon bar is an independent and adequate state procedural rule that bars federal review of Petitioner's invalid plea argument.   See Coleman, 501 U.S. at 750.

   III.   The State Court's Denial of Petitioner's Claims for Ineffective Assistance of Counsel Does Not Offend United States Supreme Court Precedent (Ground 3).

In Ground 3, Petitioner raises claims for ineffective assistance of counsel, arguing that trial counsel erred in refusing to file a Romero motion[2] or to investigate witnesses.   (Petition at 5.)   These claims were raised in a habeas petition to the California Supreme Court, which rejected them.

To establish an ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668, (1984), "a defendant must show both deficient performance and prejudice."   Knowles v. Mirzayance, 556 U.S. 111, 122 (2009).   Deficient performance is defined as representation that falls "below an objective standard of reasonableness."   Strickland, 466 U.S. at 688.   As to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

---

[2] "In a Romero motion, a criminal defendant seeks to have a prior conviction dismissed or stricken so that it cannot be considered for purposes of imposing a sentence under California's Three Strikes law."   Burrell v. Lewis, No. C-13-1109 EMC, 2014 WL 5390520, at *4 (N.D. Cal. Oct. 21, 2014).

Padilla v. Kentucky, 559 U.S. 356, 366 (2010) (quotation omitted). "Failure to satisfy either prong of the Strickland test obviates the need to consider the other." Rios v. Rocha, 299 F.3d 796, 805 (9th Cir. 2002) (citing Strickland, 466 U.S. at 688).

        A.    Counsel's Refusal to File a Romero Motion

In Ground 3, Petitioner states that his "[a]ttorney refused to file a Romero motion when asked by Petitioner." (Petition at 5.) In a Romero motion, a criminal defendant moves to dismiss prior strikes so they are not considered for purposes of imposing a sentence under California's Three Strikes law. Burrell v. Lewis, No. C-13-1109 EMC, 2014 WL 5390520, at *4 (N.D. Cal. Oct. 21, 2014). Trial courts have broad discretion in ruling on Romero motions and must "consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the . . . spirit [of the Three Strikes law], in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." People v. Williams, 17 Cal. 4th 148, 161, 948 P.2d 429 (Cal. 1998); People v. Superior Court (Romero), 13 Cal. 4th 497, 529-30, 917 P.2d 628 (1996).

Petitioner's prior strike was for assault with a firearm, and the charges against him in this case included attempted murder, assault by force likely to produce great bodily injury, battery with serious bodily injury, and threats to commit a crime resulting in death or great bodily injury.   In light of Petitioner's criminal history and the charges against him in this case, he fails to demonstrate a reasonable probability that the trial court would have concluded that he was outside the spirit of the Three Strikes law and would have overlooked his prior strike, thereby lowering his sentence.   See Padilla, 559 U.S. at 366; Wilson v. Henry, 185 F.3d 986, 990 (9th Cir. 1999) ("To show prejudice under Strickland from failure to file a motion, [the petitioner] must show that (1) had his counsel filed the motion, it is reasonable that the trial court would have granted it as meritorious, and (2) had the motion been granted, it is reasonable that there would have been an outcome more favorable to him.").   Absent a showing of prejudice, the Court finds that Petitioner is not entitled to habeas relief on this ineffective assistance of counsel claim.   Knowles, 556 U.S. at 122.

      B.    Counsel's Refusal to Investigate Witnesses

Petitioner also argues that trial counsel was ineffective because he "refused to investigate witnesses." (Petition at 5.)   At the hearing on his motion to withdraw plea, Petitioner explained that his counsel "didn't do any investigation

work, he didn't review any witnesses." (Ex. B at 78, attached to Petition.) When asked which witnesses should have been interviewed, Petitioner responded that he "was never aware of who the witnesses were." (Ex. B, attached to Petition at 84.)

In <u>Dows v. Wood</u>, 211 F.3d 480 (9th Cir. 2000), the Ninth Circuit reviewed the denial of a habeas petition. One of the claims was ineffective assistance of counsel based on counsel's failure to interview an alleged alibi witness. <u>Id.</u> at 486. The Ninth Circuit rejected the petitioner's claim because there was no evidence in the record, other than his own "self-serving affidavit," that "this witness would have provided helpful testimony for the defense – i.e., [the petitioner] has not presented an affidavit from this alleged witness." <u>Id.</u>

Like in <u>Dows</u>, Petitioner can point to no evidence in the record that any uninterviewed witness would have provided helpful testimony. 211 F.3d at 486. Therefore, he fails to establish a reasonable probability that, had the witnesses been interviewed, his sentence would have been lower or a more favorable outcome would have resulted. <u>Padilla</u>, 559 U.S. at 366. Absent a showing of prejudice, the Court finds that Petitioner is not entitled to habeas relief on this ineffective assistance of counsel claim. <u>Knowles</u>, 556 U.S. at 122.

## CONCLUSION

For the foregoing reasons, the Court finds and recommends that the

Petition for Writ of Habeas Corpus be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court.  Local Rule 304(b).  The document shall be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Responses, if any, are due within fourteen (14) days after being served with the objections.  Local Rule 304(d).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991) (in habeas case, failure to object to findings and recommendations may result in waiver of arguments on appeal).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 20, 2016.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Pedro A. Ramirez v. Burno Stolc, 2:12-cv-02671 KJM-BMK, FINDINGS AND RECOMMENDATIONS TO DENY PETITION FOR WRIT OF HABEAS CORPUS.